UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN BOYCE,<br><br>                Plaintiff,<br><br>   v.<br><br>DIVISION OF CHILD SUPPORT ENFORCEMENT,<br><br>                Defendant. | CASE NO. C18-5091 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant State of Washington, Department of Social and Health Services, Division of Child Support's ("DCS") motion for summary judgment (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 7, 2018, Plaintiff Adrian Boyce ("Boyce") filed a complaint against DCS alleging that DCS garnished his wages without due process. Dkt. 3.

On May 18, 2018, DCS filed a motion for summary judgment. Dkt. 11. On June 12, 2018, Boyce responded. Dkt. 14. On June 15, 2018, DCS replied. Dkt. 15.

## II. FACTUAL BACKGROUND

Boyce is the father of an eleven-year-old child. Dkt. 12, Declaration of Jerry Weible ("Weible Decl."), Ex. 1 at 1. DCS is providing support enforcement services on behalf of his child. *Id*. ¶¶ 1, 2. Because there was no superior court order requiring Boyce to pay child support, DCS took action to set it administratively. *Id*. ¶ 3. On May 3, 2016, DCS personally served Boyce with a Notice and Finding of Financial Responsibility ("Notice"). *Id*., Ex. 1. The Notice set Boyce's child support obligation at $311 per month beginning March 1, 2016. *Id*. In addition, the Notice required Boyce to pay back child support of $1,324.24 to satisfy his obligation from October 25, 2015 through February 29, 2016. *Id*.

The Notice informed Boyce that he had 20 days to request an adjudicative proceeding, which could have been requested by phone or by filling out and returning the provided hearing request form. *Id*. Because Boyce neither objected to the Notice nor timely requested an adjudicative hearing, the Notice became a final child support order. *Id*. ¶ 4. *See also* RCW 74.20A.055(4). The Notice expressly authorizes DCS to garnish wages, and take other collection action without further notice, as authorized by Washington law and mandated by federal child support program requirements. Weible Decl., Ex. 1, at 4, 6; RCW 26.23.060; 42 U.S.C. § 666 (a)(8). DCS collected its first payment in December 2017, and has been collecting child support regularly since that date. Weible Decl., ¶ 6.

## III.  DISCUSSION

DCS moves for summary judgment on the basis that neither the State nor its official are persons subject to suit under § 1983 and Boyce's claims are barred by res judicata and/or collateral estoppel.  Dkt. 11.  Although the latter argument is interesting, the Court will only address the straightforward argument that the State is not subject to suit under § 1983.

A.	**Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In this case, Boyce has failed to sue a person under § 1983. DCS is an agency of the State, which is not a person subject to suit. Therefore, the Court grants DCS's motion for summary judgment.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that DCS's motion for summary judgment (Dkt. 11) is **GRANTED** and Boyce's *in forma pauperis* status is **REVOKED** for the purposes of appeal.

The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 19th day of July, 2018.

BENJAMIN H. SETTLE
United States District Judge